HAWTHORNE, Justice
(concurring in the decree).
As stated in the majority opinion, we are presented in this case with two legal problems: “(1) Whether title to Commerce Place is vested in the City of New Orleans, and (2) whether the City enjoys the power and right to alienate this particular public park for private use.”
The majority concludes that the title to Commerce Place is vested in the City of New Orleans, and I fully agree with this conclusion.
With reference to the second question, it is stated in the majority opinion that Commerce Place is a public park and has been used and maintained as such for a period of over 100 years. Commerce Place having been found to be a public park, let us now consider the provisions of Section 8(1) of Act 159 of 1912 as amended by Act 378 of 1948. This act provides:
“Section 8. The Commission Council shall also have power:
“Public Streets
“(1) To order the ditching, filling, opening, widening, and paving of the public streets, and to regulate the grade thereof, and, by a two-thirds vote to sell or change the destination of any street, side-walk or other property which is no longer necessary for the public use to which it was originally destined * * *; provided that no designations of any property as a pub- *367 lie park or public square, and no designation of any sidewalk or street adjacent to such public park or public square shall be changed without the approval in writing of seventy per cent (70%) of the property owners within a radius of three hundred (300) feet of such property * * *.” (Italics mine.)
It is my view that Section 8(1) of Act 159 of 1912 as amended by Act 378 of 1948 confers upon the City express legislative authority to sell, by a two-thirds vote of the Commission Council, any property to which it has title and which is no longer necessary for the public use to which it was originally destined except “a public park or public square”, and even this kind of public property may be sold by the City pursuant to the provisions of the statute provided its designation as a public park or public square is changed with the approval of 70 per cent of the property owners within a radius of 300 feet of the property.
The property involved in this suit was found by the majority of this court to be a public park, and there has been no showing that 70 per cent of the property owners within 300 feet of this park have agreed in writing to a change in its designation as a public park. In the absence of a showing that this requirement of the statute has been complied with, I concur in the decree.